## Meyercord Co., Inc., Appellant, *v.* Stern.

*Contracts—Written contract—Omitted provisions—Time of performance—Time of the essence—Proof.*

Where the parties to a written contract of purchase and sale omitted to make any reference therein to the time within which the goods contracted for should be delivered, the trial court properly allowed the purchaser, when sued for the purchase price, to undertake to prove that time was of the essence of the contract and that there was a verbal agreement for performance within two weeks and that delivery had not been effected within such time.

Argued October 17, 1922. Appeal, No. 88, Oct. T., 1922, by plaintiff, from judgment of Municipal Court of Philadelphia, Aug. T., 1921, No. 98, on verdict for defendant in the case of The Meyercord Company, Incorporated, v. Samuel Stern, Trading as Stern Metal Works. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before BARTLETT, J.

The facts are stated in the opinion af the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were refusal to give binding instructions for plaintiff and the admission of evidence as to verbal agreements.

*Hugh Roberts,* for appellant.

*E. Spencer Miller,* for appellee.

OPINION BY TREXLER, J., March 2, 1923:

The plaintiff, the Meyercord Company, Inc., sold to the defendant, as evidenced by two written orders five thousand name plates and two hundred fifty transfers for glass ticket choppers. The orders given for the same contained the words, "All agreements must be in writing. No verbal arrangements recognized. Not subject to countermand." The court at the trial of the case withdrew from the jury the consideration of the five thousand name plates, as the plaintiff "Absolutely failed to prove ......that there was any delivery of the goods or the time that they were completed, or anything of the kind" and in this there was no error.

As to the two hundred fifty ticket choppers, the court allowed the defendant to show that at the time the order was given the plaintiff was informed of the urgency of defendant's needs and that the latter was induced to give the order on the agreement that the transfers would be delivered in the next ten days to two weeks. In corroboration of this testimony certain letters were introduced from which the inference could be taken that such an agreement had been made. The order was telegraphed immediately upon its receipt and according to the testimony of defendant which was not contradicted in this respect, the assurance was given that the order would be hurried. The plaintiff not complying with the conditions as to speedy delivery, the defendant cancelled the contract. Subsequently he received a portion of the transfer plates, but sent them back. Afterwards he received another portion and informed the plaintiff that he held them subject to their orders. There was no evidence produced by the plaintiff that at the time of cancelling the contract, he had started work on the order. It would appear that time was of the essence of the contract and that it was understood that the defendant only gave the order upon the assumption that he would get the

goods in time to supply his urgent needs. The court left this to the jury and they decided in favor of the defendant. There can, therefore, be no controversy as to the correctness of the verdict unless the court erred in admitting the evidence of the verbal agreements between the defendant and the agent of plaintiff. In spite of the provisions of the order declaring that verbal arrangements are not to be recognized, it must be noted that the order itself did not specify when it was to be filled. The verbal agreements entered into were not in contradiction of the order. They refer to a subject not covered by the parties. If this order had been for any article of merchandise, merely stating what it was, but had nothing in it to show the price, place or time of delivery and containing the same provisions forbidding verbal arrangements, it certainly would not be held that the matters not referred could not be proven by showing verbal agreements in regard to them. We have referred above to the fact that defendant's version of the affair was to some extent corroborated. The assignments are overruled and the judgment is affirmed.